UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

IN THE MATTER OF THE ADMINISTRATIVE )
INSPECTION: )
 )
MANOR PHARMACY ) MAGISTRATE'S NO: 06-118 M
1412 N Dupont Highway )
New Castle, Delaware 19720 )

AFFIDAVIT FOR AN ADMINISTRATIVE INSPECTION WARRANT
UNDER THE AUTHORITY OF TITLE 21, UNITED STATES
CODE, SECTION 880

I, Rostant P. Farfan, being duly sworn, depose and say as follows:

1. I am a duly appointed Diversion Investigator of the United States Department of Justice, Drug Enforcement Administration. I am assigned to the Philadelphia Field Division, Diversion Office, Philadelphia, Pennsylvania, which is responsible for all activities within the State of Delaware and the Commonwealth of Pennsylvania.

2. Pursuant to Title 21, United States Code, Sections 878 (a)(2) and 880(b)(1), (2) and (3) as well as Title 28, Code of Federal Regulations, Subpart R, Section 0.104 and Appendix to Subpart R, Section 3(b), I am authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act (21 U.S.C. 800 et seq.) in order to inspect, copy and verify the correctness of all records, reports, and other documents required to be kept or made under Title 21, United States Code, Section 827, and Title 21, Code of Federal Regulations, Section 1304.01 et seq. This inspection is designed to insure compliance with the Controlled Substances Act and regulations promulgated thereunder.

3. Manor Pharmacy, is registered under the provisions of the Controlled Substances Act, Title 21, Section 823 et seq. as a Retail Pharmacy, and has been assigned DEA registration number #AM8423080 in Schedules 2, 2N, 3, 3N, 4, 5, and is conducting business at 1412 N Dupont Highway, New Castle, Delaware 19720. The registrant's principal place of business is a controlled premise within the meaning of Title 21, United States Code, Section 880(a) and Title 21, Code of Federal Regulations, Section 1316.02(c).



1

4. Manor Pharmacy is required to keep on the controlled premises complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of pursuant to the provisions of Title 21, United States Code, Section 827 and Title 21, Code of Federal Regulations, Section 1304.01 et seq.

5. According to currently available data supplied by DEA Headquarters and corroborated by the purchase history reported in the DEA M204/ARCOS Computer System, Manor Pharmacy purchased 379,100 dosage units of Oxycodone (DEA Drug Code 9143) in 2004 and 507,200 dosage units in 2005. Manor Pharmacy's purchase of Oxycodone for 2004 ranked them number two (2), while in 2005 ranked them number one (1) in the State of Delaware. The number one (1) purchaser of Oxycodone in the State of Delaware in 2004 purchased 383,000 dosage units. The number two (2) purchaser of Oxycodone in the State of Delaware in 2005 purchased 336,400 dosage units. Oxycodone is a Schedule II Controlled Substance.

6. In addition, the M204/ARCOS System showed that Manor Pharmacy purchased 89,960 dosage units of Hydrocodone (DEA Drug Code 9193) in 2004 and 90,600 dosage units in 2005. Manor Pharmacy's purchases for 2004 ranked them number sixteen (16), while in 2005 ranked them number six (6) in the State of Delaware. The number one purchaser of Hydrocodone in the State of Delaware in 2004 purchased 150,700 dosage units and in 2005 purchased 158,500 dosage units. Hydrocodone is a Schedule III Controlled Substance.

7. I further represent that I have examined the files and records of the Drug Enforcement Administration, Philadelphia Field Division, and have determined that there has not been an inspection of Manor Pharmacy 1412 N Dupont Highway, New Castle, Delaware 19720, by the Drug Enforcement Administration.

8. Further, I state that, in view of the foregoing circumstances, the inspection applied for is for the purpose of protecting the public health and safety. The need for the inspection, copying and verifying the correctness of records, reports and other documents required to be kept and maintained under the Controlled Substances Act and the need for verifying the security provisions utilized by the registrant in storing and handling controlled substances result from a valid public interest in the effective enforcement of the Controlled Substances Act and implementing regulations.

9. The inspection will be conducted during regular business hours, the Diversion Investigators credentials will be presented to the registrant, and that the inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness.

10. The inspection will extend to the inspection and copying of inventories, records,

reports, prescriptions, order forms, invoices, and other documents required to be kept or made and the inspection of all other things therein including records, files, and papers appropriate for the verification of the records, reports, and documents required to be kept under the Controlled Substances Act. The inspection will also extend to the inspection and inventory of stocks of controlled substances, finished and unfinished substances and pertinent equipment associated with the storage and handling of controlled substances, and if necessary applicable records and/or samples of controlled substances will be seized.

11. The affiant may be accompanied by one or more Diversion Investigators who are employees of the Attorney General authorized to conduct administrative inspections.

12. Because of the volume and complexity of controlled substance records required to be kept by a retail pharmacy, 30 days will be needed to execute and return this warrant. A return will be made to the Magistrate (Court) upon the completion of the inspection.

13. I have verified and have personal knowledge of the facts outlined herein, and they are true to the best of my knowledge, information and belief.

_____
Rostant P. Farfan
Diversion Investigator
Drug Enforcement Administration


Sworn to be before me, and subscribed in my presence this 12 day of October, 2006

_____
United States Magistrate Judge